# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**BRUCE LARKIN,**

        **Plaintiff,**

**v.**                                                                                     **Case No: 6:15-cv-1544-Orl-40KRS**

**CANTU LLC and J.Y.K. ENTERPRISE INC.,**

        **Defendants.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION FOR ENTRY OF JUDGMENT AGAINST DEFENDANT, CANTU LLC AFTER DEFAULT (Doc. No. 59)** |
| **FILED:** | **May 19, 2017** |

| | |
|---|---|
| **MOTION:** | **MOTION FOR ENTRY OF JUDGMENT AGAINST DEFENDANT, J.Y.K. ENTERPRISE INC. AFTER DEFAULT (Doc. No. 60)** |
| **FILED:** | **May 19, 2017** |

**I.   BACKGROUND.**

Plaintiff Bruce Larkin initiated this action on September 18, 2015, alleging that Defendants Peoples Plaza, LLC ("Peoples Plaza"), Cantu LLC ("Cantu"), and J.Y.K. Enterprise Inc. ("JYK"), violated Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181, *et seq.*  Doc. No. 1.  Larkin effected service on Cantu and JYK on September 22, 2015.  Doc. No. 56.  After

Cantu and JYK failed to respond to the complaint, the Clerk entered clerk's defaults against them. Doc. No. 17.

Peoples Plaza filed a motion to dismiss on March 11, 2016. Doc. No. 23. Larkin opposed the motion to dismiss but alternatively requested leave to file an amended complaint. Doc. No. 26. The Court granted Larkin leave to file an amended complaint and denied Peoples Plaza's motion to dismiss as moot on March 28, 2016. Doc. No. 28. Thereafter, Larkin filed his amended complaint. Doc. No. 29.[1] Peoples Plaza answered the amended complaint on April 15, 2016. Doc. No. 30. Cantu and JYK did not respond to the amended complaint, and Larkin asked the Court to enter clerk's defaults as to the amended complaint. Doc. No. 55. After finding that Larkin was not required to serve Cantu and JYK with the amended complaint, the Court granted that motion. Doc. No. 56. Clerk's defaults were entered against Cantu and JYK as to the amended complaint on May 8, 2017. Doc. Nos. 57-58.

In the meantime, Larkin reached a settlement with Peoples Plaza. Doc. No. 44. Larkin and Peoples Plaza filed a joint stipulation of dismissal with prejudice on March 30, 2017, Doc. No. 47, which the Court accepted, Doc. No. 49, leaving only Cantu and JYK as Defendants in the case. Larkin now moves for default judgment against Cantu and JYK, asking the Court to enjoin Cantu and JYK from discriminating against individuals with disabilities, close the subject facilities until completion of all alterations necessary to make the premises compliant with the ADA, and award Larkin attorney's fees, litigation expenses, and costs. Doc. Nos. 59, 60.[2] Larkin filed affidavits from his ADA expert to support his default judgment motions. Doc. Nos. 59-1, 60-1.

---

[1] The preamble of the amended complaint states that the lawsuit is being filed on behalf of Larkin and "all other similarly situated mobility-impaired individuals." Doc. No. 29, at 1. It did not, however, ask the Court to certify this case as a class action, and, regardless, no class has ever been certified. Thus, to the extent the amended complaint was ever intended to assert claims on behalf of a class, such class claims have been abandoned.

[2] The amended complaint also asked the Court to enter a declaratory judgment. Doc. No. 29, at 9.

## II. RELEVANT FACTS ALLEGED IN THE AMENDED COMPLAINT.

Larkin is an individual with disabilities as defined by the ADA. Doc. No. 29 ¶ 13. He uses a wheelchair to ambulate. *Id.* He is missing a leg that was amputated and has a variety of other illnesses and resulting handicaps. *Id.* He is limited in his major life activities of walking and standing. *Id.*

Peoples Plaza owns and operates a shopping plaza located at 12301 West Colonial Boulevard, Winter Garden, Florida 34787. *Id.* ¶ 7. Cantu owns and operates a restaurant called Taco Norteño that is located at 12307 West Colonial Boulevard, Winter Garden, Florida 34787. *Id.* ¶ 8. JYK owns a restaurant called Wings of Winter Garden ("WWG") that is located at 12363 West Colonial Boulevard, Winter Garden, Florida 34787. *Id.* ¶ 9. Although Larkin does not explicitly so state, it appears that Taco Norteño and WWG are located in the Peoples Plaza shopping plaza. *See id.* ¶ 14 (alleging that Peoples Plaza "operates and/or oversees the shopping plaza property with various stores, a general parking lot and parking lots specific to the two (2) restaurant Co-Defendants . . ."). The shopping plaza, Taco Norteño, and WWG are open to the public. *Id.*

Larkin lives close to the shopping plaza and visits the shopping plaza, Taco Norteño, and WWG regularly, including a visit on or about July 31, 2015 during which he encountered ADA violations. *Id.* ¶¶ 14-16. Larkin plans to return to the shopping plaza, Taco Norteño, and WWG within four months. *Id.* ¶ 16.

Larkin has encountered architectural barriers that violate the ADA at the shopping plaza, taco restaurant, and wings restaurant. *Id.* ¶ 18. Larkin describes these violations as follows:

> A list of the violations that Plaintiff encountered during his visit to the properties and Defendants' businesses, include, but are not limited to, the following:

---

Larkin has not requested a declaratory judgment in his motions for default judgment. Thus, I deem this requested relief to be abandoned.

A. **Parking**

1) The Plaintiff had difficulty exiting the vehicle as the designated parking space access aisle was located on an excessive slope. Violation: Some of the disabled use access aisles are located on a slope in violation of Section 4.6.3 and 4.6.6 of the ADAAG[3], whose resolution is readily achievable.

2) The Plaintiff had difficulty exiting the vehicle as the designated parking space was located on an excessive slope. Violation: Some of the disabled use spaces are located on a slope in violation in Section 4.6.3 and 4.6.6 of the ADAAG, whose resolution is readily achievable.

B. **Entrance Access and Path of Travel**

1) There are stairs provided at the facility that have open risers prescribed in Section 4.9 of the ADAAG, whose resolution is readily achievable.

2) There are stairs provided at the facility that do not comply with the standards prescribed in Section 4.9 of the ADAAG, whose resolution is readily achievable.

3) The Plaintiff could not enter some of the tenant spaces as the door thresholds were too high. Violation: There are rises at the thresholds of entrances at the facility in excess of 1/2 of an inch, violating Sections 4.5.2 and 4.13.8 of the ADAAG, whose resolution is readily achievable.

4) The Plaintiff had difficulty using some of the curb ramps as the slopes were excessive. Violation: There are curb ramps at the facility that contain excessive slopes or cross slopes in violation of Sections 4.7.2 and 4.7.5 of the ADAAG, whose resolution is readily achievable.

5) The Plaintiff had difficulty traversing the path of travel due to abrupt changes in level. Violation: There are changes in levels of greater than ½ inch, violating Section 4.3.8 of the ADAAG, whose resolution is readily achievable.

6) The Plaintiff had difficulty traversing the path of travel as it was not continuous and accessible. Violation: There are no accessible routes from the street, sidewalk and parking areas. These are violations of the requirements in Sections 4.3.2, 4.5.2, 4.7.1 and 4.8.2 of the ADAAG, whose resolution is readily achievable.

---

[3] The amended complaint does not define this acronym, but presumably it refers to the ADA Accessibility Guidelines.

- 4 -

C. **Access to Goods and Services**

1) The facility does not maintain the elements that are required to be readily accessible and usable by persons with disabilities in violation of Section 36.211 of the ADAAG.

D. **Public Restrooms**

The Plaintiff could not enter some of the tenant spaces. The Plaintiff has knowledge of the following violations based on observations, photos and measurements made by his ADA expert at the time of the visit.

1) Violation: There are dispensers provided for public use in the restroom, with controls outside the ranges prescribed in Section 4.27 of the ADAAG, whose resolution is readily achievable.

2) Violation: The mirrors provided for public use in the restroom are in violation of the requirements in Section 4.19 of the ADAAG, whose resolution is readily achievable.

3) Violation: The lavatories in the restroom provided do not meet the requirements prescribed in Section 4.24 of the ADAA, whose resolution is readily achievable.

4) There are urinals provided for public use that do not comply with the standards set forth in Section 4.18 of the ADAAG, whose resolution is readily achievable.

5) Violation: Compliant grab bars are not provided in the restrooms prescribed in Sections 4.16.4 and 4.26 of the ADAAG, whose resolution is readily achievable.

6) Violation: The stall door does not provide hardware that complies with the ADAAG, whose resolution is readily achievable.

7) Violation: The grab-bars in the toilet room stalls do not comply with the requirements prescribed in Sections 4.17.6 and 4.26 of the ADAAG, whose resolution is readily achievable.

8) Violation: The toilet stalls provided for public use at the facility are in violation of Section 4.17 of the ADAAG, whose resolution is readily achievable.

9) Violation: The restroom does not provide the required latch side clearance violation Section 4.13.6 of the ADAAG, whose resolution is readily achievable.

> 10) Violation: The restroom door has improper hardware for disabled patrons, in violation of Section 4.13.9 of the ADAAG, whose resolution is readily achievable.
>
> 11) Violation: The clear width at doors to the facility are less than the prescribed minimums, in violation of Section 4.13.5 of the ADAAG, whose resolution is readily achievable.

*Id.* ¶ 22. Based on these allegations, Larkin submits that Defendants have violated the ADA and asks the Court to grant injunctive relief against Defendants. *Id.* at 9-11.

## III. APPLICABLE LAW.

In general, a court may enter a default judgment when the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for such entry. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.").[4] This standard is akin to that necessary to survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015) (citing *Chudasama v. Mazda Motor Corp.*, 123 .3d 1353, 1370 n. 41 (11th Cir. 1997)).

An evaluation under Rule 12(b)(6) "tests the sufficiency of [the] complaint against the 'liberal pleading standards set forth by Rule 8(a)(2).'" *Burrell v. Cty. Gov't*, No. 5:15-cv-00251-MHH, 2016 WL 1086029, at *2 (N.D. Ala. Mar. 21, 2016) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Rule 8(a)(2), in turn, provides that a pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Generally, "to survive a [Rule 12(b)(6)] motion to dismiss and meet the requirement of [Rule]

---

[4]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions handed down by the former United States Court of Appeals for the Fifth Circuit prior to the close of business on September 30, 1981.

8(a)(2), a complaint need not contain 'detailed factual allegations,' but rather 'only enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Maledy v. City of Enterprise*, Civil Action No. 1:10-cv-254-MHT, 2012 WL 1028176, at *1 (M.D. Ala. Mar. 26, 2012)). Although specific facts are not necessary, a complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

## IV. DISCUSSION.

Larkin's motions for default judgment are due to be denied because the amended complaint does not meet the pleading standard set forth in Rule 8(a)(2).[5] Although the amended complaint provides a laundry list of ADA violations Larkin encountered at "Defendants' businesses," it fails to specify the location of the alleged violations—that is, it is impossible to tell whether "the restroom," "the facility," "the path of travel," and "the designated parking space" are located at Taco Norteño, WWG, some other location in Peoples Plaza, or some combination of the three.[6] The amended complaint does not explicitly so state, but it appears that Peoples Plaza is the owner of the

---

[5] I also note that Larkin is not entitled to a default judgment simply because defaults have been entered against Cantu and JYK. As explained above, a default judgment cannot be entered on a complaint that fails to state a claim. Larkin's motions, however, do not set forth the elements of Larkin's claims with citation to legal authority and do not show (with references to specific paragraphs) how the well-pleaded allegations of the complaint establish each of those elements. Because Larkin has not shown how his amended complaint states a claim, the Court would be justified in denying his motions for default judgment on that ground alone.

[6] I recognize that Larkin has submitted affidavits from his ADA expert in support of his motions for default judgment. Doc. Nos. 59-1, 60-1. These affidavits purport to show the 11 specific ADA violations encountered at Taco Norteño and the 11 specific ADA violations encountered at WWG. Other than the name and address of the Defendant, the two affidavits are identical. Leaving aside the implausibility of Taco Norteño and WWG having precisely the same 11 ADA violations, the Court may not look to evidence extraneous to the allegations of the complaint in determining liability because a defendant admits only the well-pleaded facts in the complaint when a default is entered against it. *See Sabili v. Chase Hotel Mgmt., LLC*, No. 6:10-cv-807-Orl-31KRS, 2011 WL 940230, at *3 (M.D. Fla. Feb. 28, 2011) (citing *Nishimatsu*, 515 F.2d at 1206), *report and recommendation adopted by* 2011 WL 940207 (M.D. Fla. Mar. 17, 2011).

shopping plaza and that Cantu and JYK are tenants. In such a situation, I am not aware of any authority that would make tenants responsible for the ADA violations of other tenants (or of common shopping areas outside their control). *See generally Kennedy v. Skyview Plaza, LLC*, No. 6:16-cv-2128-Orl-22KRS, Doc. No. 25, at 4-5 (M.D. Fla. Jan. 26, 2017), *report and recommendation adopted by* Doc. No. 29 (M.D. Fla. Feb. 14, 2017); *Kennedy v. IMDAD Haider IRA, LLC*, No. 6:17-cv-454-Orl-31KRS, Doc. No. 6, at 4 (M.D. Fla. Mar. 23, 2017), *report and recommendation adopted by* Doc. No. 23 (M.D. Fla. Apr. 24, 2017) (both explaining that landlords and tenants are jointly liable for Title III ADA violations, but there is no apparent authority for holding individual tenants jointly liable for *each other's* ADA violations). Thus, the location of the alleged violations matters in this case.

However, Larkin's vague manner of pleading makes it impossible for each Defendant to know precisely which violations it is being accused of having committed. Such a pleading practice constitutes a form of shotgun pleading, where a plaintiff asserts "multiple [violations] against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the [violation] is [asserted] against." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015). Shotgun pleadings fail to give each Defendant adequate notice of the relevant violations asserted against it and run afoul of Rule 8(a)(2)'s requirement of "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 1320 (noting that complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are referred to as "shotgun pleadings"). Because Larkin's amended complaint is an impermissible shotgun pleading, I recommend that the Court deny his motions for default judgment. *See Jackson v. Asian-Pacific Invs., Inc.*, No. 2:12-cv-535-FtM-29DNF, 2014 WL 6469649, at * 3 (M.D. Fla. Nov. 17, 2014) (declining to grant default judgment on claims that were pled in impermissible

shotgun fashion); *cf. Kennedy v. Palm Harbor Assoc. Inc.*, No. 6:17-cv-745-Orl-37KRS, Doc. No. 8 (dismissing Title III ADA complaint that failed to clearly delineate which ADA violations are attributable to which defendants as a shotgun pleading).

Even if Larkin's amended complaint were not an impermissible shotgun pleading, I note that, when a plaintiff alleges discrimination due to an architectural barrier prohibited by the ADA, the plaintiff is also required to show that either (1) the barrier's removal is "readily achievable," or (2) if removal is not readily achievable, that the goods, services, or facilities may be made available through alternative methods as long as such methods are "readily achievable." *See Gathright-Dietrich v. Atlanta Landmarks, Inc.*, 452 F.3d 1269, 1273 (11th Cir. 2006). "'[R]eadily achievable' means easily accomplishable and able to be carried out without much difficulty or expense." 42 U.S.C. § 12181(9). With respect to the barriers identified in his complaint, Larkin alleges that their "resolution is readily achievable." Doc. No. 29 ¶ 22. He has not, however, alleged any facts supporting that conclusion.

Some judges have concluded that alleging the legal conclusion that a barrier is readily achievable, without more, is insufficient to establish that removal is, in fact, readily achievable. *See, e.g.*, *Stringham v. Apopka Shopping Ctr., LLP*, No. 6:13-cv-1410-Orl-28GJK, 2013 WL 6891577, at *1 (M.D. Fla. Dec. 31, 2013) (dismissing Title III ADA complaint in part because plaintiff did not provide factual support for his allegation that removal of barriers would be "readily achievable"); *Hoewischer v. Joe's Props., LLC*, No. 3:11-cv-769-J-12MCR, 2012 U.S. Dist. LEXIS 5412, at *8-9 (M.D. Fla. Jan. 18, 2012) (denying motion for default judgment in Title III ADA case in part based on failure to state a claim on which relief may be granted because plaintiff's complaint failed to plead any facts to support the legal conclusion that removal of barriers was "readily achievable."); *Hoewischer v. Park Shopping, Ltd.*, No. 3:10-cv-810-J-37JBT, 2011 WL 4837259,

at \*4 (M.D. Fla. Oct. 12, 2011) (denying motion for default judgment in Title III ADA case in part because plaintiff's complaint failed to plead any facts to support the legal conclusion that removal of barriers was "readily achievable"); *Larkin v. A & D Ocoee Plaza LLC*, No. 6:15-cv-763-Orl-41KRS, Doc. No. 19, at 6-7 & n. 4-5 (M.D. Fla. Jan. 13, 2016) (recommending denial of motion for default judgment in part because complaint did not include factual support for legal conclusion that removal of barriers was "readily achievable" and rejecting argument that modifications identified in 28 C.F.R. pt. 36 app. C are *per se* "readily achievable")) (case voluntarily dismissed before the Court ruled on the report and recommendation). *But see Lugo v. 141 NW 20th St. Holdings, LLC*, 878 F. Supp. 2d 1291, 1295 n. 4 (S.D. Fla. 2012) (declining to follow *Park Shopping Ltd.* and concluding that factual support for "readily achievable" allegation is not required at pleading stage); *Hoewischer v. Cedar Bend Club, Inc.*, 877 F. Supp. 2d 1212, 1226 (M.D. Fla. 2012) (finding that plaintiff adequately pled "readily achievable" element without further factual support where the barriers were similar to those identified in the ADA Title III Technical Assistance Manual). Thus, if the Court agrees with the reasoning of such cases, it would also be justified in finding that Larkin's amended complaint fails to state a claim for violations of Title III of the ADA because it alleges no facts to support the conclusion that removal of the barriers is "readily achievable," therefore requiring that his motions for default judgment be denied.

**V. RECOMMENDATION.**

For the reasons stated above, I **RESPECTFULLY RECOMMEND** that the Court **DENY** Larkin's motions for default judgment against Cantu and JYK (Doc. Nos. 59, 60). Unless Larkin requests and is granted leave to file a second amended complaint, I further recommend that the Court

issue an order to show cause why the case should not be dismissed for failure to state a claim upon which relief can be granted.

## **NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on May 31, 2017.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy